**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:19-CR- |
| | § | 00235-ALM-AGD-1 |
| DONALD RAY COLEMAN | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Donald Ray Coleman's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on April 14, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Ashlyn Scott.

Defendant was sentenced on October 23, 2020, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Manufacture and Distribute Methamphetamine, a Class B felony. This offense carried a statutory minimum term of 5 years and a maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. Defendant was subsequently sentenced to 90 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include submission of financial information, substance abuse testing and treatment, and a $100 special assessment. On January 10, 2024, upon motion of Defendant under 18 U.S.C. § 3582(c)(2), the imprisonment term was reduced to 81 months. On June 3, 2025, Donald Ray Coleman completed his period of imprisonment and began service of the supervision term in the Eastern District of Tennessee.

On December 9, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #96, Sealed). The Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (2) (special) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program; (3) (standard) Defendant must live at a place approved by the probation officer. If Defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. (Dkt. #96, at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On June 5, 2025, Defendant submitted a urine specimen at the U.S. Probation Office in Greenville, Tennessee which was positive for methamphetamine. Defendant admitted to using methamphetamine and stated he had been using it daily while in the Residential Reentry Center; (2) Defendant failed to report for a random drug test on June 24, July 9, and August 7, 2025; (3) On or about October 27, 2025, Defendant contacted the U.S. Probation Officer and asked to travel to Muenster, Texas to visit his children. Defendant was given permission to leave the Eastern District of Tennessee from on or about October 28, 2025, to November 4, 2025. Defendant was instructed to send his officer a text message when he left the district and when he returned. On or about October 28, 2025, Defendant sent his officer a text message as instructed. That was the last communication his officer had with him. Defendant's Probation Officer made numerous attempts to contact Defendant. On November

18, 2025, a home visit was attempted at Defendant's approved residence. Contact was made with John Cole, Defendant's supervisor, who stated Defendant never returned to the Easten District of Tennessee from his approved trip. At the time, Mr. Cole spoke to Defendant daily and believed he was in Louisiana, as such, Defendant's whereabouts were unknown, and he appeared to have absconded from supervision (Dkt. #96 at pp. 1-2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegation (1). Defendant entered a plea of true to allegations (2) and (3) of the Petition. Having considered the Petition and the plea of true to allegations (2) and (3), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eight (8) months, with a three (3) year term of supervised release to follow. All prior conditions imposed in the original judgment should be reimposed.

The court recommends that the Government's motion to dismiss allegation 1 should be granted.

The court also recommends that Defendant be housed in a Bureau of Prisons facility in Texarkana, Texas, if appropriate.

**SIGNED this 14th day of April, 2026.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

3